UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

V

C.A.NO 05-174T

A.T.WALL, et al

CEASE AND DESIST ORDER

Petitioner, Kevin M Lyons, does here by ask this Court to order the RI Department of Corrections (hereby D.O.C.) to cease and desist all activities toward the Petitioner in violation of agreement titled same as above case before Magistrate Hagopian on or about 10 May 2005.

Petitioner is being retaliated against by the defendants agents because he has insisted that the agreement be followed even with the constraints of the D.O.C.'s budget woes. Petitioner has continuously tried to work with the defendant's agents to insure his life does not come into jeopardy because of his medical problems. The defendants agents have tried to circumvent the agreement on several occasions, failing the circumvention, The agents have resorted to booking the Petitioner for false infractions to try a new way to circumvent the agreement because of the Petitioners pressing the defendant and his agents to follow the Agreement and continue the diet as prescribed in the agreement in good faith.

The Petitioner asks this Court to refrain the defendant through his agents from holding any hearings nor placing the Petitioner in segregation or issuing any punishment for any matters dealing with this agreement until a full hearing before Magistrate Hagopian to settle this matter.

Wherefore the Petitioner prays this Court to set a hearing to rectify this matter as soon as possible.

Respectfully
[signature] Pro/Se
Kevin M Lyons Pro/Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

V

C.A.NO 05-174T

A.T.WALL, et al

MEMORANDUM IN
SUPPORT OF ORDER

Petitioner on 5/5/08, after several years of trying to work with the defendant's agents to straighten out his dietary concerns, filed a letter to Dr. Poshkus, the medical Director of the D.O.C. here in Rhode Island concerning the failures of the defendant's agents as to his medical diet.

Because of a final incident on 2 May 2008 where the dietician refused to feed the Petitioner after the Petitioner ask for his proper diet and was told to take the tray and when the Petitioner again requested his proper diet tray she threw his ID out the serving window after taking the tray back and refused to feed him at all.

Since that date Petitioner has been harassed and retaliated against by the defendant's agents. In this instance he was booked on 5/17/08 for an alleged infraction on 5/15/08 that was not filed or documented until 5/16/08, and Petitioner was never informed of any infraction at any time until read the alleged infraction by the Lt. on 5/17/08 at 09.12am.

This alleged infraction was and is a lie, because Petitioner never refused his diet tray and never told anyone he would continue to eat the tray he had nor was he in possession of three (3) slices of veal and C/O Pezza and other witnesses have stated that they did not observe the Petitioner eating a triple stacked veal sandwich as stated by Steward Morse.

When Petitioner was read said infraction by Lt Ducharme he denied any triple stacked veal sandwich and said no one told him to throw away his tray for another one, nor informed him of any booking on 5/15/08 at 16.00 hrs nor any time on 5/15/08. Lt Ducharme then told Petitioner on 5/17/08 that he would look into said infraction with C/O Pezza and left said booking until his investigation was complete.

On 5/19/08 Petitioner was informed that he was booked for lieing to Lt Ducharme on 5/17/08 when booking was filed on 5/17/08 at 14.32 hrs. Completely beyond the 24 hr. period as prescribed in DOC Policy 11.01-4 2005 the only policy available to the inmates of the John J Moran medium security bld.Which states that a booking must be read to the inmate with in 24 hrs of the filing time and date of said infraction.

Petitioner went to board of disipline review on 5/20/08 at 9.00hrs and was told that booking for refusing his dietary tray was on hold until 5/23/08 at the 09.00hrs boards of discipline review and that he had not yet been read his booking for alleged lieing to the Lt Ducharme, that, was read to Petitioner at 09.17 hrs on 5/20/08 after 09.00 hrs board was again well over the 24 hrs period.

Petitioner would have this court decide that the retaliation is shown and obvious to all involved and would ask this Court to step in and halt all actions by the defendnat and his agents until this matter can be reviewed by Magistrate Hagopian.

Respectfully Submitted

[signature] Pro/Se

Kevin M Lyons Pro/Se