STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

May 10, 2005

Inmate Kevin Lyons
P.O. Box 8274
Cranston, RI 02920

RE: C.A. # 05-174T

Dear Mr. Lyons:

Consistent with the enclosed memorandum from Department of Corrections Medical Director Dr. Poshkus to Dietician Florette Ruggerio, your complaints concerning the provision of a diet that addresses your medical issues are now remedied, rendering your pending lawsuit moot. In light of that, I have taken the liberty of enclosing a dismissal stipulation for you to sign, in which your pending lawsuit may be dismissed. You may return the signed stipulation to me in the enclosed, pre-addressed envelope, and I will file it with the court.

Sincerely,

Patricia A. Coyne-Fague
Chief Legal Counsel

Encl.

cc: Magistrate Judge Hagopian, U.S. Dist. Ct. for Dist. of R.I.
Court file CA# 05-174T

COPY

# R.I. DEPARTMENT OF CORRECTIONS
# HEALTH CARE SERVICES

## *MEMORANDUM*

LEGAL COUNSEL
MAY 1 0 2005
DEPT. OF CORRECTIONS

**TO:** **Florette Ruggerio**

**FROM:** **Michael Poshkus, MD**

**DATE:** **May 5, 2005**

**SUBJECT:** **Kevin Lyons diet**

---

Florette,

I understand that Mr. Lyons has served you regarding not supplying him with his "no seafood diet". I have reviewed our correspondence regarding this patient and the DOC policies. I have not been able to locate a completed "Food Allergy Interview Form" regarding this inmate, which according to our Policy 18.45-1 is necessary for inmates with food allergies.

I understand that it is impossible to accommodate every inmate's food preference; Mr. Lyons, however, has multiple physician orders requesting a "no seafood diet" (both RIDOC physicians and RIH gastroenterology physicians). I believe we should reevaluate Mr. Lyons regarding his alleged food allergies however, in the meantime please place him on an "allergy diet" which includes no seafood and substituted with an alternative.

Thank you for your help regarding this matter.

cc. Robert Achindiba, MD
Patricia Coyne Fague

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
JUN 10 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEVIN LYONS

VS. C.A. NO. 05-174 T

A. T. WALL, et al

## STIPULATION OF DISMISSAL

Upon consideration of a settlement conference held before U.S. Magistrate Judge Hagopian and by agreement of the parties, it is hereby stipulated that the instant action may be dismissed with prejudice, no interest, no costs.

~~Attorney for the~~ Plaintiff, Pro se

Attorney for the Defendant

RECOMMEND ENTRY:

U.S. Magistrate Judge Hagopian

DATED: 5/26/05

SO ORDERED:

ENTERED:

RECOMMEND APPROVAL:

Senior U.S. Magistrate Judge Jacob Hagopian
Date: June 13, 2005

Dr. Poshkus, Director Medical
35 Howard Ave
Cranston, RI 02920

Dear Sir, 5/5/08

I would like to bring to your attention that I am having a problem again with my Diet ! I would like to refresh your memory as to the Agreement that was before Magistrate Hagopian between my self, you, the Dietitian and the Doctor's. On May 5,2005 concerning my dietary needs. In this agreement it was stressed that I get an alternate meat or cheese to offset the Fish or Shellfish protein loss.

Since the agreement was set and signed I have worked with the New dietitian (debbie) to accommodate the food service, kitchen staff and dietitian in the preparation of my meals. I have accepted to a certain extent to what is available to the food service to round out my meals, working closely with the new dietician until, my medical well being had change in diagnosed by Dr. McMillian found that I have T.M.J. and ordered not only what was already in my diet but, to include a soft foods diet to prevent any more damage to my jaw for an appropriate amount of time to allow healing to take place as treatment in lieu of surgery.

After this diagnosis Dr McMillian confronted the dietician (debbie) in the medium 1 dispensary and told her that she must not know what a soft food diet was. The dietician (debbie) then confronted me about why Dr. McMillian thought she did not know what a soft food diet was in a very accusing manner. I told her that I told Dr. McMillian what I was eating for my diet in the dining room and that Dr. McMillian was not happy about what was being served to me. This confrontational tension between the new dietician (debbie) and myself, has been escalating on her part ever since.

Then today May 2,2008 the dietician was in the kitchen serving area when fish was served for the lunch meal and had the food server send out a tray with 2 soup, a baked potato, a bun and a milk for my meal. I asked where was the meat or cheese substitute for the fish. She first said see me after the meal, Then when I insisted to talk to her she refused to talk to me, then took the tray away, throwing my ID on the shelf of the serving window and refused to feed me at all.

I believe that she has placed my life in jeopardy and will continue to do so if this issue is not resolved promptly. As I am a Diabetic and have I.B.S. and also T.M.J. and am severely allergic to Shellfish and Seafood, without proper care

I am in serious danger of a diabetic coma or worse without proper diet. Sir I ask you to step in at this time and end this continuing problem. I ask that you print out what I need for breakfast, lunch and dinner. As all other inmates have a menu to go by so it can be followed by food service, the dietician, food handlers and myself so we all know exactly what is expected.

I hope this matter can be resolved between us satisfactorily without my reopening this matter before the Federal District Court.

Sincerely,

Kevin M Lyons
Id#100773
Med 1 FL-42

**Inmate Id: 0100773** **Inmate Name: KEVIN M LYONS** **Sec: MED**

Incarceration No: 0100773 Area/Cell: FMODL 42

Job Code: LIB SRG Level: Enemy Level: Monitor

**Discipline No: 000041403**

Infraction Date/Time: 5/17/2008 14:19:00 Infraction Sec: MED

Charging Staff Member: Ducharme

Place Of Infraction: MED Place Of Booking: Shift Command

ORIGINAL- Infraction Code: 107 Infraction CAT: DISOBEDIENCE

Infractions Severity: HIGHEST(NON-PREDATORY)

Infractions Description:
Disobeying a Clearly Stated Order in a Manner that Conveys a Deliberate Challenge to Autho rity and Jeopardizes the Safety, Security, and/or Orderly Operation of the Facility

Filed Date/Time: 5/17/2008 14:32:07 Inmate Demeanor: DECEITFUL

**Infraction Narrative:**

Inmate Lyons was called to shift command to have booking #41384 read to him. He lied to me and deliberately caused a long delay in the investigative process concerning the above booking.

Witnesses: NONE

**S.O. REVIEW:** **READ BY:**

Inform Date: / / : : Hearing Date: / / : :

Demeanor: Inmate Plea:

Status AWT Hear: Waive 24 Notice:

Req Rep Present: Req Witness:

Witnesses: NONE

**Inmate's Statement:**

**Superior's Comments:**

**Inmate Id: 0100773** **Inmate Name: KEVIN M LYONS** **Sec: MED**

Incarceration No: 0100773 Area/Cell: FMODL 42

Job Code: LIB SRG Level: Enemy Level: Monitor

**Discipline No: 000041384**

Infraction Date/Time: 5/15/2008 16:00:00 Infraction Sec: MED

Charging Staff Member: Morse

Place Of Infraction: MED Place Of Booking: Dinning Room

ORIGINAL- Infraction Code: 335 Infraction CAT: DISOBEDIENCE

Infractions Severity: MODERATE

Infractions Description:
Refusing to Cooperate in Following a Prescribed Course of Treatment (for example, inmate w ith broken hand told to refrain from yard exercise)

Filed Date/Time: 5/16/2008 10:01:07 Inmate Demeanor: UNCONCERNED

**Infraction Narrative:**

During the 1600 hr feeding period, Inmate Lyons refused his prescribed diet tray and conti nued to eat a veal sandwich stacked three high. This was witnessed by C/O Pezza.

Witnesses: NONE

**S.O. REVIEW:** **READ BY: Ducharme**

Inform Date: 05/17/2008 09:12:00 Hearing Date: 05/20/2008 09:00:00

Demeanor: ALOOF Inmate Plea: NOT GUILTY

Status AWT Hear: NORMAL Waive 24 Notice: NO

Req Rep Present: YES Req Witness: NO

Witnesses: NONE

**Inmate's Statement:**
Inmate Lyons stated to me that he did not eat a veal sandwich which was on the regular m enu and that he had not been booked. He insisted that he had eaten the off his diet menu.

**Superior's Comments:**
Valid booking based on the written report and testimony from C.O. Pezza.
Warrants a h
earing.

(2) Is the inmate able to understand the charge and hearing process?

(3) Is the charge appropriate, given the inmate's mental health status?

(c) Refer the matter for hearing.

f. Criminal Proceedings: Proceedings under any criminal code against an inmate shall not cause the delay of proceedings under this Code. Any dismissal, nolo, or not guilty verdict in criminal proceedings shall not affect action under this Code. Any serious criminal offense shall be reported to RIDOC Special Investigations Unit (SIU) and/or Office of Inspections for investigation and appropriate action.

g. The Superior Officer provides a copy of the informational/review package to the Hearing Officer prior to the hearing.

3. Notice to the Inmate

a. The Superior Officer orally informs the inmate of the charge against him/her and delivers a legible copy of the Disciplinary Report (Parts I and II completed) no later than one (1) day after filing the charge, at least twenty-four (24) hours prior to the hearing.

b. The Superior Officer also asks whether the accused inmate desires a representative and records the inmate's response on the Disciplinary Report.

4. Inmate Representatives

a. The representative is scheduled to be on duty at the time of the hearing.

b. The representative is an assigned counselor who assists the inmate in preparing a defense.

(1) The representative counselor is assigned by the Warden, Associate Director, or designee.

c. The representative meets with the inmate prior to the hearing and assists the inmate in preparing a defense and making a presentation at a formal disciplinary hearing.