Magistrate Judge Hagopian
United States District Court RI
One Exchange Terrace
Providence, RI 02903

RECEIVED

JUL 08 2008

Property of U.S. District Court
District of Rhode Island

Re: Lyons v Wall, CA.NO. 05-174T

Dear Magistrate Hagopian, July 2,2008

On Sat. 28 June 2008, I received a letter from Ms. Patricia Coyne-Fague from the Department of Corrections of Rhode Island legal Department addressed to you in regards to my diet. Then on tuesday July 1,2008 from your District Court from Judge Torres an order referral to Magistrate Judge, with three reference points for your concern.

I would like to address Ms. Coyne-Fague letter first:

In the letter she states that there was some confusion among some of the medical staff about the parameters of the settlement.

At this time I would like you to know this is a false statement, as the Dietician (Debbie) knew quite well what was in the settlement agreement and purposely chose to disregard the agreement that was in place when she chose to not give me my diet on a Fish meal, then when I asked to talk to her, she refused to feed me at all. This was brought to the attention of the Captain and the Correctional Officer in charge of the dinning room. I then notified Dr.Poshkus of the agreement violation on 5/5/08. I was told that both the Dietician (Debbie) and a kitchen steward may have been admonished for the incident, from that incident it has snowball out of control to todays current stand.

Now I would like to address the reference points:

1) On May 2,2008 the Dietician and Steward purposely broke the agreement and continued to do so until the approximately date of May 26,2008 when shown by the inmate that makes the diets, a slip stating that "No Seafood No Shellfish" diet was back in place. So foe approximately three weeks I was unable to eat properly. It is also acknowledged in Ms. Coyne-Fague letter that there was a breach of the settlement agreement.

2) Because this breach was not just a one time occurrence but continued for some time maliciously it is shown as contempt and needs to be adjudicated as such.

3) It has been proven that said violation did occur and that I have been unjustly disciplined and can provide witnesses to prove that this was Retaliation and Harassment on the part of the Dietician.

I would ask the Court to order the RI Department of Corrections to have all their personal follow the settlement agreement, to have a copy of said agreement placed in my medical file. I would also ask the Court to order the Department of Corrections of RI to rescind both bookings from my disciplinary file, return all lost good time both earned and unearned as the result of the Retaliation and Harassment from the breach of the agreement and I would add that any amount the Court deem applicable be payable to my Inmate Account.

Enclosed is all the documents that I wrote and answers I received from the Defendants agents for your review in this matter. If there is any other information you need please feel free to contact me.

CC File
Patricia Coyne-Fague-

Respectfully
[signature] PRO/SE
Kevin M Lyons Pro/Se

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

June 27, 2008

Magistrate Judge Hagopian
United States District Court
U.S. District Court for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

RE: Lyons v. Wall, CA NO 05-174T

Dear Magistrate Judge Hagopian:

I have received notice that Mr. Lyons' motion concerning the settlement agreement in the above-entitled case has been referred to you. Please be advised that I have consulted with the Department of Corrections' Medical Director, Michael Poshkus, and confirmed that there was some confusion among some of the medical staff about the parameters of the settlement agreement vis a vis Mr. Lyons' "no seafood" diet. I have received an assurance from Dr. Poshkus that Mr. Lyons' "no seafood" diet will be reinstated forthwith.

Sincerely,

Patricia A. Coyne-Fague
Chief Legal Counsel

cc: Inmate Kevin Lyons
Dr. Michael Poshkus, Medical Director

**TO:** Kevin Lyons, ID#100773, John J. Moran Medium Sec.

**CC:** Joseph Marocco, Associate Dir., Health Care Services

**FROM:** Michael Poshkus, MD, CCHP
Medical Program Director/Health Care Services

**DATE:** June 20, 2008

**SUBJECT:** **Your letter of May 30, 2008 re: Harassment by dietician**

---

O Your letter was forwarded to ____________________, your primary care physician, for review and follow-up, if necessary. If you continue to have concerns, please put in a request slip to your assigned physician.

O You were seen by a physician regarding this/these issues. I do encourage you to work with your physician to address your health care concerns. If you are in pain, please submit a request slip to your physician to discuss pain management.

O Your dental concerns have been forwarded to Dr. William DelGizzo, Chief of Dental Services for appropriate action. You may also submit a request slip to Dr. DelGizzo directly. If you are in pain, please contact your physician by request slip.

O Your letter, (non-medical) has been forwarded to Joseph Marocco, Associate Director of Health Care Services for review and follow-up. You may also submit a request slip to Mr. Marocco directly.

O Your letter has been forwarded to the medical records unit for follow-up. Please address further inquiries to Pauline Marcussen, Chief of Program Development.

O Your appointment with/at ___________________________has/is being scheduled. You will be notified of the date just prior to your medical furlough (for security reasons). Please direct further inquiries, by request slip, to your assigned physician.

O Your letter has been forwarded to Dr. Fredric Friedman, Clinical Director of Behavioral Health for review and follow-up. You may also write to Dr. Friedman directly.

O You may obtain a second opinion, however, you will be responsible for identifying a physician who will see you, in addition to all related costs (including custody expenses and travel). The physician's recommendations will be reviewed by RIDOC physicians for final approval.

O Your letter has been forwarded to Colleen Capezza, Director of Nurses for review and follow-up. You may also write to Ms. Capezza directly .

O Your letter has been forwarded to Patricia Threats, PPHPS, at our Public Health Education Unit for review and follow up. You may also write directly to Ms. Threats.

O Your letter, which cannot be addressed by Health Care Services, has been forwarded to ______________________________________________for review and appropriate action.

O Forward a copy of your response to inmate to my office.

Department of Correction
Office of Legal Counsel
40 Howard Ave
Cranston, RI 02920

RE: Letter Dated June 27,2008

Dear Ms Patricia A Coyne-Fague, July 1,2008

I received your letter that you wrote to Magistrate Hagopian. I would like to clarify that your Dietician (Debbie) knew exactly what my settlement agreement was, she was informed by the staff and by myself several times. This was not a misunderstanding at all this was Retaliation and harassment by the Dietician (Debbie)

I have had several problems with this dietician after my Doctor (McMillian) confronted her in the Dispensary about what a soft food diet was. This Dietician went to the extent of under minding my doctor orders though other doctor to get me off of my diets and to get the staff to belittle me in anyway that they can. Just for example, I was booked for "refused his prescribed diet tray and continued to eat a veal sandwich stacked three high" I was found guilty by the board, but it was proven that I was not eating a stacked three high veal sandwich and that I did not refuse to get my diet nor did any staff member confront me during that meal to tell me to get my diet. I would have received the same meal anyways. Five weeks after when I put my ID into the window on June 19,2008 I received the exact meal that I was booked for, So how is that not Retaliation or Harassment ? So how is it that I wasn't allowed to eat it that day, but was supposed to eat it then ? I have enclosed copy's of the letters that I wrote to Dr. Poshkus for you to review, Dr. Poshkus has reinstated my "no seafood diet" but this has not put me whole before all of this Retaliation or Harassment started.

I had a perfect Institutional Record before all of this took place. I would ask that the two (2) bookings that were issued to me be taking off of my record and that I be given the (15) fifteen days of Loss Good time back. This is the relief that I will be seeking with the Court once I finish my Petition to the Court. So hopefully we can resolve this matter before I have to file my Petition.

Thank you for your time in this matter I look forward to your response.

Sincerely,
[signature] Pro/Se
Kevin M Lyons Pro/Se

CC. FILE
Magistrate Judge Hagopian

Dr. Poshkus, Director Medical
35 Howard Ave
Cranston, RI 02920

Dear Sir, 5/5/08

I would like to bring to your attention that I am having a problem again with my Diet ! I would like to refresh your memory as to the Agreement that was before Magistrate Hagopian between my self, you, the Dietitian and the Doctor's. On May 5,2005 concerning my dietary needs. In this agreement it was stressed that I get an alternate meat or cheese to offset the Fish or Shellfish protein loss.

Since the agreement was set and signed I have worked with the New dietitian (debbie) to accommodate the food service, kitchen staff and dietitian in the preparation of my meals. I have accepted to a certain extent to what is available to the food service to round out my meals, working closely with the new dietician until, my medical well being had change in diagnosed by Dr. McMillian found that I have T.M.J. and ordered not only what was already in my diet but, to include a soft foods diet to prevent any more damage to my jaw for an appropriate amount of time to allow healing to take place as treatment in lieu of surgery.

After this diagnosis Dr McMillian confronted the dietician (debbie) in the medium 1 dispensary and told her that she must not know what a soft food diet was. The dietician (debbie) then confronted me about why Dr. McMillian thought she did not know what a soft food diet was in a very accusing manner. I told her that I told Dr. McMillian what I was eating for my diet in the dining room and that Dr. McMillian was not happy about what was being served to me. This confrontational tension between the new dietician (debbie) and myself, has been escalating on her part ever since.

Then today May 2,2008 the dietician was in the kitchen serving area when fish was served for the lunch meal and had the food server send out a tray with 2 soup, a baked potato, a bun and a milk for my meal. I asked where was the meat or cheese substitute for the fish. She first said see me after the meal, Then when I insisted to talk to her she refused to talk to me, then took the tray away, throwing my ID on the shelf of the serving window and refused to feed me at all.

I believe that she has placed my life in jeopardy and will continue to do so if this issue is not resolved promptly. As I am a Diabetic and have I.B.S. and also T.M.J. and am severely allergic to Shellfish and Seafood, without proper care

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
JUN 10 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEVIN LYONS

VS. C.A. NO. 05-174 T

A. T. WALL, et al

## STIPULATION OF DISMISSAL

Upon consideration of a settlement conference held before U.S. Magistrate Judge Hagopian and by agreement of the parties, it is hereby stipulated that the instant action may be dismissed with prejudice, no interest, no costs.

Pro/se
~~Attorney for the~~ Plaintiff, Pro se

Attorney for the Defendant

RECOMMEND ENTRY:

U.S. Magistrate Judge Hagopian

DATED: 5/26/05

SO ORDERED:

Ernest C. Torres

ENTERED:

RECOMMEND APPROVAL:

Senior U.S. Magistrate Judge Jacob Hagopian
Date: June 13, 2005