**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KEVIN M. LYONS**

**v.** **C.A. No. 05-174 T**

**A. T. WALL, ET AL.**

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge.

Presently before the Court is the motion titled motion for "Cease and Desist Order" filed on May 27, 2008 by plaintiff, Kevin M. Lyons, *pro se* (Docket # 5). In his motion, plaintiff requests the Court to order defendants to abide by a settlement agreement entered into in the instant matter in 2005 in connection with the voluntary dismissal of the action (the "Settlement Agreement"). Plaintiff claims defendants are now ignoring the Settlement Agreement. In response to plaintiff's current motion, defendants sent a correspondence to the Court stating that the recent confusion regarding the parameters of the Settlement Agreement have been resolved and the diet set forth in the Settlement Agreement will be "reinstated forthwith" (Docket # 7).

For the reasons stated below, I decline to reach the underlying merits of the motion because I find the Court lacks

continuing jurisdiction over this matter. Thus, plaintiff's motion for a "Cease and Desist Order" is DENIED.[1]

By way of background, in April 2005, plaintiff, Kevin M. Lyons, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint under 42 U.S.C. § 1983 against A.T. Wall, the Director of the Rhode Island Department of Corrections and Ms. F. Ruggeiro, a dietician at the ACI, urging that his medical needs for a special diet were being ignored in violation of his constitutional rights. In May 2005, plaintiff and defendants entered into the Settlement Agreement regarding plaintiff's diet. At that time, the parties signed a stipulation of dismissal stating in its entirey: "Upon consideration of a settlement conference held before U.S. Magistrate Judge Hagopian and by agreement of the parties, it is hereby stipulated that the instant action may be dismissed with prejudice, no interest, no costs." I recommended the entry and approval of such dismissal, which Judge Torres ordered on June 16, 2005.

In this case, plaintiff agreed to voluntarily dismiss his action by filing a stipulation signed by the parties who appeared

---

[1]Plaintiff also sent a letter to the Court stating that, because of his complaints regarding the alleged non-compliance with the diet set forth in the Settlement Agreement, he has been unjustly disciplined as a result of retaliation and harassment by an ACI dietician (Docket # 8). He requests various relief including: (i) the placement of the Settlement Agreement in his medical file, (ii) an order rescinding two bookings and returning good time credits lost as a result of the "retaliation and harassment from the breach of the agreement" and (iii) monetary damages. However, plaintiff has not filed a motion with the Court in connection with the requests in his letter, and, given the lack of continuing jurisdiction in this matter, I decline to interpret plaintiff's letter as a motion in connection with this case.

in the action, as described in Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. In order for a court to retain supplemental enforcement jurisdiction over a settlement after granting a Rule 41(a)(1)(ii) motion, the parties must have (1) agreed to incorporate the terms of the settlement into the dismissal order or (2) executed a stipulation authorizing the court to retain jurisdiction over the implementation of the settlement. *See Kikkonen v. Gueardian Life Ins. Co.*, 511 U.S. 375, 381, 114 S.Ct. 1673 (1993); *Municipality of San Juan v. Rullan*, 318 F.3d 26, 27 (1st Cir. 2003). The dismissal order in the instant case did not incorporate the terms of the Settlement Agreement and plaintiff has not provided any evidence of an agreement signed by the parties authorizing the court to retain enforcement jurisdiction over the Settlement Agreement. Therefore, in claiming a breach of the Settlement Agreement, plaintiff "must pursue a separate action to seek enforcement of the agreed terms." *Municipality of San Juan,* 318 F.3d at 30 (citing *Kikkonen,* 511 U.S. at 382, 114 S.Ct. 1673).

Accordingly, plaintiff's motion for a Cease and Desist Order is hereby DENIED.

IT IS SO ORDERED.

Jacob Hagopian
Senior United States Magistrate Judge
Date: 30 July 2008