UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

V C.A.No 05-174T

A.T.Wall, et,al

NOTICE OF APPEAL TO JUSTICE TORRES
AGAINST MEMORANDUM AND ORDER
FROM MAGISTRATE HAGOPIAN

Petitioner, Kevin M Lyons, here by appeals to Justice Torres against memorandum and order of Magistrate Hagopian for order dated 30 July 2008 received on 7 July 2008, and prays this Court to reverse Magistrate's order as to the jurisdiction of said stipulation of dismissal agreement between parties as the original tribunal under 42 USCS § 1983 and thus still and will always retain jurisdiction to be explained fully in attached memorandum in support of notice of appeal.

Respectfully Submitted

8/11/08

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Kevin M Lyons

V C.A.NO 05-174T

A.T.WALL et,al

MEMORANDUM IN SUPPORT OF
NOTICE OF APPEAL TO JUSTICE TORRES
AGAINST MEMORANDUM AND ORDER
FROM MAGISTRATE HAGOPIAN

Petitioner, Kevin M Lyons, does here by expound upon his notice of appeal to Justice Torres against memorandum and order from Magistrate Hagopian as to the Courts jurisdiction in the breach of said settlement agreement of 16 June 2005 recommended by Magistrate Hagopian and ordered by Justice Torres. Under a 42 USCS § 1983 actions, under the 8 th Amendment to the U.S. Const.

ARGUMENT FOR JURISDICTION

The Petitioner filed his original action under 42 USCS § 1983 direct in Federal Court and in the original agreement stipulation presented to the defendant by the Petitioner, the Petitioner clearly asks for the Court to dismiss with out prejudice, if all mailing cost, co-payments, and meal replacement cost, occurred by the Plaintiff.

but, when received by the defendants counsel the counsel falsely deceived the Petitioner as to the Courts approval of his stipulation as written and pressed the Petitioner in their stipulation, that did not include the $ 60.00 that they did reimburse the Petitioner for to include;1) copies,2) doctors visits,3) certified mail and 4) replacement meals, and changing the stipulation from without prejudice to with prejudice without the Petitioner having any legal counsel to advise him. The Petitioner took it for granted that defendants attorney would act in good faith without trying to deceive the Petitioner in its dealings to settle with the

Petitioner in this matter.

Petitioner is not, nor has ever been a legal counsel nor has he taken any educational courses to be a legal secretary nor paralegal. He had only read what he could find in the limited and inadequate law library of the A.C.I. would never had signed the defendant's stipulation, if he knew the Federal Court had not retained jurisdiction of the case, C.A. No 05-174T.

Does this make the whole agreement a fraud that was perpetrated by the defendants counsel. Or is the Petitioner correct in his assumption that any breach in the agreement still within the jurisdiction of the original tribunal ?

Petitioner does stress that his action under 42 USCS § 1983 was prompted in the Federal Courts under Cruel and Unusual Punishment in violation of the 8th Amendment to the U.S. Constitution and was never adjudicated in the State Courts thus is not viable under Kokkonew V Guardian 511 US 375 (1994). And as such the only jurisdiction of said stipulation agreement falls to the original Court actions in the Federal District Court.

Petitioner also avers that no where in the stipulation is it stated that dismissal in under Fed R. Civ Pro 41 (a) (1)(ii) and even if it were the Rule states that stipulation would be without prejudice.

Wherefore, Petitioner ask this Court to reverse Magistrate Hagopian's memorandum and order and that this Court retains complete jurisdiction over this case until such time as the Petitioner is released from custody and that this case be ruled on his cease and desist order and the breach of the agreement by the Dietician (Debbie).

Respectfully Submitted

8/11/08

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se

CERTIFICATION

I, the undersigned, hereby swear and certify that I have mailed a true and correct copy of the foregoing motion to A.T.Wall at 40 Howard Ave, Cranston, RI 02920, on the 14 day of August .2008.

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se