STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

May 10, 2005

Inmate Kevin Lyons
P.O. Box 8274
Cranston, RI 02920

RE: C.A. # 05-174T

Dear Mr. Lyons:

Consistent with the enclosed memorandum from Department of Corrections Medical Director Dr. Poshkus to Dietician Florette Ruggerio, your complaints concerning the provision of a diet that addresses your medical issues are now remedied, rendering your pending lawsuit moot. In light of that, I have taken the liberty of enclosing a dismissal stipulation for you to sign, in which your pending lawsuit may be dismissed. You may return the signed stipulation to me in the enclosed, pre-addressed envelope, and I will file it with the court.

Sincerely,

Patricia A. Coyne-Fague
Chief Legal Counsel

Encl.

cc: Magistrate Judge Hagopian, U.S. Dist. Ct. for Dist. of R.I.
Court file CA# 05-174T

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Ave
Cranston,RI 02920

May 13,2005
Re: CA# 05-174T

Dear Ms Coyne-Fague

I did not agree with your motions to dismiss, so I type up another one if you and your clients agree with the motions that I type go ahead and file it with the Courts.I enclosed two Motions in this envelope,one Stipulation of dismissal,Cost occurred by Plaintiff. I will expect a Money slip for the full amount before you file this motions.
Thank you for your time in this matter.

Sincerely,

Kevin M Lyons Pro/Se
Med 1 Fl-42
P.O.Box 8274
Cranston,RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEVIN M LYONS

V

C.A.NO.05-174T

A.T.WALL. et.al.

STIPULATION OF DISMISSAL

Upon consideration of a settlement held before U.S. Magistrate Judge Hagopain and by agreement of the parties, it is hereby stipulated that the instant action may be dismissed with out prejudice, If all mailing cost, co-payments, meal replacement cost, occurred by the plaintiff. To be paid by the Defendants.

______________________
Attorney for the Plaintiff

______________________
Attorney for the Defendants

RECOMMEND ENTRY:

______________________
U.S.Magistrate Judge Hagopian

DATED: ______________________

SO ORDERED:

______________________

ENTERED:

______________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEVIN M LYONS

V

C.A.NO.05-174T

A.T.WALL. et.al.

COST OCCURRED BY PLAINTIFF

1) COPYS 125 x .05¢ each =$6.25
2) DOCTOR VISIT'S 3 x $3.00 each = $9.00
3) CERTIFIED MAIL 2 x $5.80 1 x $6.03 = $17.63
4) Replacement Meal's 21 x $1.32 = $27.72

TOTAL DUE = $60.60

Respectfully Submitted By,

Kevin M Lyons Pro/Se

Kevin M Lyons Pro/Se
Med 1 FL-42
P.O.Box 8274
Cranston,RI 02920

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

May 24, 2005

Inmate Kevin Lyons
P.O. Box 8274
Cranston, RI 02920

RE: C.A. # 05-174T

Dear Mr. Lyons:

I have received your counter-offer for settlement and be advised that the Department agrees to settle your case for $60. However, the Federal Court will not accept your stipulation form, as only the Court's own form may be used for a stipulated dismissal. Therefore, I have sent you another dismissal stipulation, which I have signed. Once you sign it and return it to me, I will contact Inmate Accounts and have your account credited with $60.00. I am copying the Court on this letter so that they will be aware of the terms of this agreement.

Please advise me if you choose not to sign the stipulation, so that I may contact the Court to schedule a conference with Magistrate Judge Hagopian.

Sincerely,

Patricia A. Coyne-Fague
Chief Legal Counsel

Encl.

cc: Magistrate Judge Hagopian, U.S. Dist. Ct. for Dist. of R.I.
Court file CA# 05-174T

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

June 3, 2005

Inmate Kevin Lyons
P.O. Box 8274
Cranston, RI 02920

RE: C.A. # 05-174T

Dear Mr. Lyons:

Please be advised that I have sent to inmate accounts the documents necessary for them to credit your active account for $60.00 (sixty dollars) as agreed. I have also filed the dismissal stipulation with the Court.

Sincerely,

Patricia A. Coyne-Fague
Chief Legal Counsel

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RECEIVED
JUN 10 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEVIN LYONS

VS. C.A. NO. 05-174 T

A. T. WALL, et al

**STIPULATION OF DISMISSAL**

Upon consideration of a settlement conference held before U.S. Magistrate Judge Hagopian and by agreement of the parties, it is hereby stipulated that the instant action may be dismissed with prejudice, no interest, no costs.

Pro/Se
~~Attorney for the~~ Plaintiff, Pro se

Attorney for the Defendant

RECOMMEND ENTRY:

U.S. Magistrate Judge Hagopian

DATED: 5/26/05

SO ORDERED:

ENTERED:

RECOMMEND APPROVAL:

Senior U.S. Magistrate Judge Jacob Hagopian
Date: June 13, 2005

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

June 27, 2008

Magistrate Judge Hagopian
United States District Court
U.S. District Court for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

RE: Lyons v. Wall, CA NO 05-174T

Dear Magistrate Judge Hagopian:

I have received notice that Mr. Lyons' motion concerning the settlement agreement in the above-entitled case has been referred to you. Please be advised that I have consulted with the Department of Corrections' Medical Director, Michael Poshkus, and confirmed that there was some confusion among some of the medical staff about the parameters of the settlement agreement vis a vis Mr. Lyons' "no seafood" diet. I have received an assurance from Dr. Poshkus that Mr. Lyons' "no seafood" diet will be reinstated forthwith.

Sincerely,

Patricia A. Coyne-Fague
Chief Legal Counsel

cc: Inmate Kevin Lyons
Dr. Michael Poshkus, Medical Director

Magistrate Judge Hagopian
United States District Court RI
One Exchange Terrace
Providence, RI 02903

Re: Lyons v Wall, CA.NO. 05-174T

Dear Magistrate Hagopian,

July 2,2008

On Sat. 28 June 2008, I received a letter from Ms. Patricia Coyne-Fague from the Department of Corrections of Rhode Island legal Department addressed to you in regards to my diet. Then on tuesday July 1,2008 from your District Court from Judge Torres an order referral to Magistrate Judge, with three reference points for your concern.

I would like to address Ms. Coyne-Fague letter first:

In the letter she states that there was some confusion among some of the medical staff about the parameters of the settlement.

At this time I would like you to know this is a false statement, as the Dietician (Debbie) knew quite well what was in the settlement agreement and purposely chose to disregard the agreement that was in place when she chose to not give me my diet on a Fish meal, then when I asked to talk to her, she refused to feed me at all. This was brought to the attention of the Captain and the Correctional Officer in charge of the dinning room. I then notified Dr.Poshkus of the agreement violation on 5/5/08. I was told that both the Dietician (Debbie) and a kitchen steward may have been admonished for the incident, from that incident it has snowball out of control to todays current stand.

Now I would like to address the reference points:

1) On May 2,2008 the Dietician and Steward purposely broke the agreement and continued to do so until the approximately date of May 26,2008 when shown by the inmate that makes the diets, a slip stating that "No Seafood No Shellfish" diet was back in place. So foe approximately three weeks I was unable to eat properly. It is also acknowledged in Ms. Coyne-Fague letter that there was a breach of the settlement agreement.

2) Because this breach was not just a one time occurrence but continued for some time maliciously it is shown as contempt and needs to be adjudicated as such.

3) It has been proven that said violation did occur and that I have been unjustly disciplined and can provide witnesses to prove that this was Retaliation and Harassment on the part of the Dietician.

I would ask the Court to order the RI Department of Corrections to have all their personal follow the settlement agreement, to have a copy of said agreement placed in my medical file. I would also ask the Court to order the Department of Corrections of RI to rescind both bookings from my disciplinary file, return all lost good time both earned and unearned as the result of the Retaliation and Harassment from the breach of the agreement and I would add that any amount the Court deem applicable be payable to my Inmate Account.

Enclosed is all the documents that I wrote and answers I received from the Defendants agents for your review in this matter. If there is any other information you need please feel free to contact me.

CC File
Patricia Coyne-Fague-

Respectfully

[signature] PRO/SE
Kevin M Lyons Pro/Se